# SAMUEL RAWSON *et al.*

### *v.*

# MARY ANN RAWSON *et al.* Executors.

1. WILLS—*of a bequest "to my heirs at law according to the statute"—who shall take under the will.* A will containing no specific devises or bequests, but simply appointing the executors to administer the estate, and directing the payment of the debts of the testator, provided as follows: "And the remainder or balance of my interest of every kind whatsoever, may be distributed to my heirs at law according to the statute of Illinois for such case made and provided:" *Held,* that such a direction is equivalent to a devise or bequest to those who would take the estate under our statute of distributions if the estate were intestate.

2. The rule is, if there be no words in any part of a will to control, the words or terms used must be interpreted according to their strict and technical import. So construing them, the persons appointed by law to succeed to an estate, as in case of intestacy, are the persons designated.

3. An estate left in such a condition, as to the disposition of it, is to all intents and purposes an intestate estate.

4. DESCENTS—*whether a widow will inherit personal property from her husband, under the 46th section of the statute of wills.* Where a will leaves the property of the testator, which consisted of personalty alone, to be distributed to his heirs at law according to the statute of descents, thereby leaving his estate intestate, and the testator died, leaving a widow, but no child or children, or descendants of a child or children, the widow will take the entire estate, as the heir of her husband, under the 46th section of the statute of wills.

5. SAME—*effect of the act of 1847 upon the rights of the widow in that respect.* The act of February 11, 1847, entitled, "An act to amend an act concerning wills," was not intended to abridge the rights of the widow as an heir under the statute of descents, but to enlarge her dower rights, and did not operate to repeal the 46th section of the statute of wills, which prescribes the contingencies upon which the widow may become the heir of her husband.

6. Merely because there may be an inconsistency between the act of 1847, in its provisions respecting the widow, and the statute of descents of 1845, will not authorize the construction that the latter was repealed by the former by implication, inasmuch as the two acts are not on the same subject, the subject of the act of 1847 being the widow's dower, while that of the act of 1845 is not dower, but inheritance.

7. Repeal of statutes—*by implication.* If the rule be, as it undoubtedly is, that a subsequent act on the same subject, will not be held to repeal a former act by implication, unless the new act contains provisions contrary to, or irreconcilable with, those of the former act, with much more force and propriety may it be argued that a subsequent act, not on the same subject, shall not be construed to repeal a former act by mere implication.

Writ of Error to the Superior Court of Chicago.

The opinion of the court contains a sufficient statement of the case.

Messrs. Bates & Towslee, for the plaintiffs in error.

Messrs. Spafford & McDaid and Messrs. Beckwith, Ayer & Kales, for the defendants in error.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was a bill in chancery in the Superior Court of the city of Chicago, filed by the plaintiffs in error against the defendants in error, executors of the last will and testament of Erastus Rawson, deceased, alleging that he died in July, 1863, leaving a last will and testament, and leaving the defendant, Mary Ann Rawson, his widow, but leaving no children, or descendants of a child or children, and leaving Samuel Rawson, his father, Lydia Rawson, his mother, and the others named complainants in the bill, his brothers and sisters. Rawson died leaving personal property only. It is alleged in the bill that the will was admitted to probate, and that the executors named in it, the defendants in the bill, were duly appointed, and entered upon the discharge of their duties as such.

It is further alleged that the widow of the testator did not renounce the provisions of the will made in her favor, but claims to take under it, and assumes to have the right according to law, to receive the whole of the personal property, after the payment of the debts.

64      RAWSON *et al.* *v.* RAWSON *et al.*     [Sept. T.,

Opinion of the Court.

It is claimed by the bill that after the payment of his debts and funeral expenses, the remainder and balance of his interest of every kind whatsoever should be distributed to his heirs at law, according to the statute of this State, in such case made and provided, and then alleges, that according to the laws of this State, in such case, the widow is only entitled to one-third of the personalty, and that the remaining two-thirds thereof belong to the complainants.

And the bill further claims, that whether the deceased died testate or intestate, the defendant, Mary Ann Rawson, his widow, is only entitled to one-third of the personal estate after the payment of the debts.

The defendants interposed a general demurrer to the bill, which was sustained and the bill dismissed.

To reverse this decree the complainants bring the record here by writ of error.

The case presents for our consideration the construction of the will in question, and the construction of the statute respecting the distribution of estates.

The will was made an exhibit, and was, after the introductory recitals, as follows: "To the end that all equitable demands against, and all claims on my estate, may be settled in equity and justice, and the remainder or balance of my interest of every kind whatsoever, may be distributed to my heirs at law according to the statute of Illinois for such case made and provided, do hereby, with the consent of the persons named, appoint my beloved wife, Mary Ann Rawson, and Edward K. Rogers, of the said city of Chicago, my executors, and hereby delegate all powers whatsoever, which may be necessary to carry out the intentions and objects above expressed, and which has directed me in this last will and testament, and I further remit and avoid the necessity of said executors to procure or give bail or security, or bonds as ordinarily required of executors and administrators in the law for such case made and provided."

The plaintiffs in error rely for support of the view they have taken of the rights of the contesting parties, upon the cases of *Sturgis* v. *Ewing*, 18 *Ill.* 176, and *Tyson* v. *Postlewaite*, 13 ib. 731, in the former of which cases it was said the provisions of the forty-sixth (46th) section of the statute of wills, was confined to cases of intestacy only, and in the latter, where it is held that it was by virtue of this section that the widow is made heir of her husband, that when there is no will and the estate intestate, then, and then only, the widow inherits as heir at law one-half of the real estate, and the whole of the personal estate, if her husband dies childless.

And they place reliance also, upon the case of *McMurphy* v. *Boyles et al.*, 49 ib. 110, where it was held that the renunciation by the widow of her rights under the will, did not make the estate intestate even as to her ; that in no manner could a testate estate, devised and bequeathed by will, ever become an intestate estate, so that the widow, as heir under the 46th section of the statute could take one-half of the real estate and all the personal estate.

Let us for a moment consider those cases in the order cited. In *Sturgis* v. *Ewing* the testator made provision in his will for his widow, who was childless, and also separate demises to his relations. The widow renounced, claiming the benefit of the statute.

In *Tyson* v. *Postlewaite*, Tyson died intestate, leaving a widow, but leaving neither children nor descendants of children. His widow died intestate, leaving the complainants her only heirs at law. They claimed that the widow did not in her life time, elect to take her dower in the lands of which her husband died seized, nor did she relinquish her inheritance therein, but elected to take the inheritance, claiming that she did, on the death of her husband, inherit one-half the real estate and the whole of the personal estate of her husband. Complainants claimed as heirs at law of the widow, and demanded a partition of the real estate.

66          RAWSON *et al. v.* RAWSON *et al.*     [Sept. T.,

Opinion of the Court.

The court, under the 46th section of the statute of wills, established the widow as heir to one-half of the real estate; that the title, on the death of the husband, vested immediately in her, to the same extent as did the other half in his heirs general, without any act or volition on her part.

In both these cases the disposition of real estate was involved. In one, there was a renunciation under the will; the other was a case of intestacy; in neither was presented the question raised in this case, who are heirs at law to personal estate? In McMurphy's case, the estate had been disposed of by the will.

The rule is, if there be no words in any part of a will to control, the words or terms used must be interpreted according to their strict and technical import. So construing them, the persons appointed by law to succeed to an estate, as in case of intestacy, are the persons designated. 2 Jarman on Wills 2; 2 Williams on Exrs. 808, 809; *Corbitt* v. *Corbitt*, 1 Jones' (N. C.) Eq. Rep. 114; *Ferguson and wife* v. *Stuart, Exr.* 14 Ohio 140; *Baskins' Appeal*, 3 Penn. 304, this last case holding that in a will making a bequest to all the testator's heirs equally, meant such of his heirs as could only be ascertained by resorting to the statute of distribution.

The case in 14 Ohio was based upon a statute of that State, not differing materially from ours. The provision of the Ohio statute is, when a deceased person shall have no legitimate child, heir of his body, the widow shall be entitled to the whole residue of the personal property after the debts, funeral charges and other incidental expenses shall have been paid.

The will of the testator directed his executors to sell his real estate and deposit the proceeds in some good bank, to accumulate interest on the deposit; that a legacy should be paid to a certain church; that his widow, the complainant in the bill, should draw one-third of all the interest annually accruing on that fund, and that "the money aforesaid should go to his heirs."

The executors sold the real estate, paid off the debts, and made a settlement of their accounts with the proper court, by which it appeared there remained in their hands upwards of thirty-six hundred dollars to be distributed agreeably to the will. His widow having subsequently married, a bill was filed by her and her husband against the executors, claiming therein a right to the entire fund. And the court so held. The words of the will were, "it is my will that the money aforesaid go to my heirs," and the court said the law determines who are a man's heirs, and this left that portion of the estate not specifically disposed of by the will, to the statute of descents and distribution to designate the heirship, precisely as though no will had been made. The fact that a provision had been made for the wife by the will did not prevent her from being an heir.

In the case before us, no provision was made for the widow, nor was there any specific devises or bequests contained in it. The testator directed his debts to be paid, and the remainder to be distributed to his heirs at law according to the statute of this State.

These cases are in point, and go to show that such a direction as that contained in this will is equivalent to a devise or bequest to those who would take the estate under our statute of distributions if the estate was intestate.

It seems to us quite evident, from the will itself, that such was the intention of the testator. Leaving, besides his wife, a father, mother, brothers and sisters, he did not wish to create causes of dissatisfaction by specific devises or bequests, and believing the statute made a fair disposition of an estate situated as his was, he determined that it should be disposed of by the statute, and in this view he could have had no other object in making the will than the designation of persons who should administer the estate without giving the bond required under statutory appointment. The estate, so far as the disposition of it is concerned, is intestate. This, evidently, was the intent of the testator. He had no purpose to make a testamentary

disposition of his estate. That he intended should be distributed as if it were intestate estate, and being so, there can be no dispute, that under the statute the widow succeeded to the whole of it. There being no provision ·in the will 'for her benefit, there was nothing she could renounce. It is to all intents and purposes, an intestate estate.

.But it is urged by the plaintiffs in error that this section is repealed by the act of February 11, 1847, entitled, "an act to amend an act concerning wills."

They claim not that it is in terms repealed, but by implication only.

That act consists of six sections, the first of which provides for widows, living in this State, of persons whose estates are administered upon in this State, that they shall be allowed in all cases in exclusion of creditors, as their sole and exclusive property forever, necessary beds, etc., enumerating various kinds of property useful in the maintenance of a family.

The second section provides, in addition to the above, widows of persons who have or may die intestate, shall be entitled to one-third of the personal estate of their deceased husbands, after the payment of debts, as their property forever. The third section provides the duties of the appraisers, in regard to each article of specific property.

The fourth section gives the widow the option to take other property in lieu of that specified in the first section. Section five repeals certain sections of other acts, and section six is as· follows: The word "dower," as used in the forty-sixth section of the one hundred and ninth ·chapter of the Revised Statutes, entitled "Wills," shall be construed to include a saving to the widows of persons dying intestate, of one-third of the personal estate forever, after the payment of debts. Sess. Laws, 168.

It is very apparent, we think, that this act is treating of a widow entitled to dower, not as an heir under the forty-sixth section, under which the claim in question is presented. The only subject before the legislature, when this amendatory act

was passed, was, the rights of a widow as such. It was not designed to abridge her rights as an heir under the statute of descents, but to enlarge her dower rights. The reference in the sixth section to the word "dower," as used in the forty-sixth section, goes to show, that it was the widow's dower the legislature was providing for, and not an attempt to deprive her of an inheritance as provided in that section. To say this is done, not directly, but by fair implication, is saying what the acts themselves, when the subject matter of them is considered, will not justify. The acts are not upon the same subject, and if the rule be, as it undoubtedly is, that a subsequent act on the same subject, will not be held to repeal a former act by implication, unless the new act contains provisions contrary to, or irreconcilable with, those of the former act, with much more force and propriety may it be argued that a subsequent act, not on the same subject, shall not be construed to repeal a former act by mere implication. The subject of the act of 1847, is the widow's dower. The subject of the act of 1845, is not dower, but inheritance, subjects having no connection with each other. To say, therefore, because there may be an inconsistency between such acts, one repeals the other, would be going further than the canons on construction of statutes allow.

But this court, in the cases cited, of *Sturgis* v. *Ewing, Tyson* v. *Postlewaite*, and *McMurphy* v. *Boyles*, all decided since the passage of the act of 1847, have determined the forty-sixth section to be in full force and effect, and its repeal is not now an open question. No intention is manifested in that act, to interfere in any way with the law of descents.

We have not deemed it necessary to go over the ground so ably and so fully explored by counsel in the cause, contenting ourselves with an examination of cases cited in which the principal question has been discussed and decided.

Our conclusion is, that as there is nothing in the will calling for a particular or special construction to be placed upon the term "heirs at law," as used in the will, it must be interpreted according to its strict, technical import; that heirs at

law are such as are made so by the statute, and are the person or persons on whom the law casts the estate in case of intestacy; that the widow of the testator is within the contingencies specified in the statute, and is the heir at law to this estate; that the estate in question is an intestate estate, and that the forty-sixth section of the act making the widow heir to the whole personalty has not been repealed.

The decree of the circuit court is affirmed.

*Decree affirmed.*