A. W. LAWWILL ET AL.

v.

MARGARET R. LAWWILL ET AL.

*Life Insurance—Mutual Benefit Society—Uncertainty as to Beneficiaries
—Legal Heirs—Interpleader.*

1.  The word heirs, when uncontrolled by the context, must be con-
strued to mean the persons designated by the statute as such in case of
intestacy.

2.  Upon a bill of interpleader filed by a mutual benefit society to ascer-
tain to whom payment should be made upon the death of a member, the
beneficiaries named in the certificate being "his legal heirs," this court
holds that the widow is entitled to the amount due under the certificate,
there being no children or descendants of any child of the deceased.

[Opinion filed March 1, 1889.]

IN ERROR to the Circuit Court of Marion County; the Hon.
AMOS WATTS, Judge, presiding.

Mr. HENRY C. GOODNOW, for plaintiffs in error.

The certificate of insurance was made payable to the legal
heirs of William H. Lawwill, upon his death.  The simple
question is, who are the legal heirs of William H. Lawwill.
That being ascertained, it is clear to whom the money is pay-
able.

An heir is one upon whom the law casts the estate immedi-
ately upon the death of the owner.  Richards v. Miller, 62 Ill.
417.

Those to whom the law would give his property, real and
personal, are the legal heirs of such person.  The words legal
heirs of a person in a policy of insurance will be held to mean
those to whom the law would give his property, real and per-
sonal, if he should die intestate.  Gauch v. The St. Louis
Mutual Life Insurance Company, 88 Ill. 251.

In this case William H. Lawwill died intestate, leaving no
child or descendants of a child, but left him surviving his

widow, Margaret R. Lawwill, and the plaintiffs in error, his brother, sisters and descendants of a deceased brother, and no parents. In such an event the statute of descents fixes his heirs to be his widow, brothers and sisters and their descendants. Clause 2d and 3d, Chap. 39, R. S. 1883, p. 438.

The legal heirs of William H. Lawwill at his death, then, were the plaintiffs in error, and the defendant in error, Margaret R. Lawwill, these persons being the legal heirs of William H. Lawwill, and are the persons to whom the money arising from said certificate of insurance was payable.

The persons who are the heirs of William H. Lawwill being settled, the next question is how do they take the money—by descent or as purchasers? If by descent, then the Circuit Court decided right; but if they take as purchasers, then all the heirs would take *pro rata*, and the judgment of the Circuit Court should be reversed.

In this case the heirs of William H. Lawwill will take the insurance money as purchasers and not by descent, for this reason: the insurance certificate was no part of the estate of William H. Lawwill, and does not go to the administratrix; and for this reason they take under a contract made for their benefit, and not under a devise or a will.

In our law this insurance certificate was not a devise, as the law provides for the kind of instruments which shall be a will or devise, but was a contract made by the Masonic Benevolent Association with William H. Lawwill for the benefit of his heirs.

Where persons take what the law would give them they are adjudged to take by descent. Rawson v. Rawson, 52 Ill. 62; Richards v. Miller, 62 Ill. 417; Kelley v. Vigas, 112 Ill. 242.

In this case the insurance money was no part of the estate of William H. Lawwill, but was the property of his beneficiaries, his legal heirs.

The word heirs is plural and means more than one, and William H. Lawwill, in having the certificate of insurance made payable to his heirs, intended all of them, and by no construction can any other intention be given the word heirs.

Had he intended his wife to be his only heir he would have so said; and the fact he said heirs, shows conclusively he intended all his heirs and not her alone. There is no room for construction to be placed upon such language to find the intention; the intention is expressed in the language, and in the plural number, and must so stand.

There are authorities to the extent that a widow is not an heir to the estate of her deceased husband; even under the statutes of Illinois, except where she may take by virtue of the statute, she can not take as heir or by descent, under or by virtue of a will, deed or contract. Brown v. Harmon, 73 Ind. 412; Jacobs v. Jacobs, 42 Ia. 600; Richardson v. Martin, 55 N. H. 45; Lord v. Bourn, 63 Me. 368; Tilman v. Davis, 95 N. Y. 17; 1 Bouv. Law Dictionary, 664; Elsey v. Odd Fellows' Association, 142 Mass. 224.

We take it, then, that the money collected by the defendant in error, the Masonic Benevolent Association, upon said certificate or policy of insurance, was payable to the legal heirs of William H. Lawwill, deceased, and that the legal heirs are plaintiffs in error, and the defendant, Margaret R. Lawwill, and that the court erred in finding her the sole heir and decreeing her all the money, but should have adjudged the money to have been divided equally among the aforesaid heirs.

Mr. M. SCHAEFFER for Margaret R. Lawwill, defendant in error.

We have here a contract made by Wm. H. Lawwill in his lifetime with this association for the payment of money upon the termination of his life, made in the State of Illinois, with the presumed knowledge of our statute of descent, which provides in its third clause, Sec. 1, that " when there is a widow, and no child or children of the intestate, then (after the payment of all just debts) * * * the whole of the personal estate shall descend to such widow * * * as an absolute estate forever." Chap. 39 R. S., Sec. 1, item 3.

At the time the policy was issued Wm. H. Lawwill had no heirs. He had a wife who might or might not survive him.

He might, for all he knew, at the time of his death, have a
child or children.  In view of these contingencies he had the
money made payable to his legal heirs, permitting the law and
the facts existing at the time of his death to determine who
they were.  With the consent of the association he might,
at any time before his death, have had the payees changed.
There were no vested rights in the heirs of which he could
not have divested them.    Herann v. Howard, 23 Wis. 108 ;
Otis v. Beckwith, 49 Ill. 121; People v. Johnson, 14 Ill. 342 ;
Universal Life Ins. Co. v. Cogbill, 30 Gratt. 72.

There can be no doubt that under our statute of descent,
Sec. 1, the widow is made an heir of her deceased husband,
and the third item in that section determines the amount to
which she is entitled in a case like this.   It shows that she is
preferred to all other collateral kindred, so far as all personal
property is concerned.   It seems quite evident that, viewing
the policy of insurance under the rules above referred to,
it was the intention of Mr. Lawwill that the money due at his
death should go as other intestate personal property; that in
case he had no child surviving him, his widow, if she survived
him, should have the benefit of his insurance.

The rule laid down in the cases of Rawson et al. v. Rawson
et al., 52 Ill. 62, and reiterated in the case of Kelley v. Vigas,
112 Ill. 242, as to the meaning of the term legal heirs, in wills,
applies in this case.   The widow is the sole legal heir.   These
two cases are approved by the Supreme Court in the case of
Gauch v. St. Louis M. L. Ins. Co., 88 Ill. 251.

PHILLIPS, J.  William H. Lawwill obtained a policy of
insurance on his life from the Masonic Benevolent Association
of Central Illinois, payable " to his legal heirs, or legal heirs of
said William H. Lawwill."   He died, leaving no children or
descendants of a child, but left surviving his widow, Margaret
R. Lawwill, and brothers and sisters and the descendants of
his deceased brother, who are the plaintiffs in error.   The
widow claimed the amount of the policy from the company,
as did also the brothers and sisters.   The insurance com-
pany filed its bill of interpleader to ascertain to whom pay-

ment should be made. The trial court decreed that the widow was entitled to the amount insured, and the brothers and sisters and the descendants of a deceased brother, excepting to the decree, sue out this writ of error. In the case of Kelley v. Vigas, 112 Ill. 242, the court held: " The word heir, when uncontrolled by the context, designates the person appointed by law to succeed to the estate in question, as in case of intestacy, and so the authorities seem to hold. Who are heirs of the deceased person is determined and declared by statute, and the quantity each shall take, as heir, is also fixed." In Richards v. Miller, 62 Ill. 417, the residuary clause of a will was, " I give, devise and bequeath to my heirs at law the remainder of my estate." The testator died, leaving surviving a husband, brothers and sisters, and the court uses this language : " Is the husband an heir? The statute unquestionably makes him such, when it says that upon certain contingencies, one-half of the real estate of the wife shall descend to him, as his exclusive estate forever. An heir is one who inherits. He takes an estate in land from another by descent as distinguished from a devisee, who takes by will. He is one upon whom the law casts the estate immediately upon the death." In Rawson et al v. Rawson et al., executors, 52 Ill. 62, a case where the husband died leaving no children surviving, or descendants of children, but leaving a widow and brothers and sisters, the residuary clause directed that his residuary estate " may be distributed to my heirs at law according to the statute of Illinois." The court held : " Our conclusion is that, as there is nothing in the will calling for a particular or special construction to be placed upon the term, ' heirs at law,' as used in the will, it must be interpreted according to its strict, technical import, that heirs at law are such as are made so by the statute, and are the person or persons on whom the law casts the estate in case of intestacy; that the widow of the testator is within the contingencies specified in the statute and is the heir at law to his estate; that the estate in question is an intestate estate, and that the 46th section of the act making the widow heir to the whole personalty has not been repealed." In this case Margaret R.

Lawwill was the administratrix, and was a party to the bill as such administratrix, and also as the widow.

The contract of the insured was that the sum for which he was insured was to be paid to his legal heirs, and it being so provided, the persons to take and the proportions taken must be determined by the statute as in case of an intestate estate.

There being no children or descendants of a child, the widow, under the statute, would take the whole of the personal estate in case of an intestate estate. And we hold that by the contract in this policy the amount insured was to be paid to his legal heirs, and Margaret R. Lawwill, the widow, was the legal heir, to whom the amount insured was payable under the policy. The decree is affirmed.

*Decree affirmed.*