(Hamilton County Common Pleas.)

IN RE ESTATE OF C. F. ANDRESS.

"Legal heirs", as beneficiaries in a policy of a National Accident Ins Co., issued to one having no wife and children, means next of kin as distributees under the statute of descents, and the insurance money is not subject to the claims of the creditors of the assured.

Heard on appeal from the Probate Court.

BUCHWALTER, J.:

The issues submitted arise out of the contention between the creditors and the heirs, as to the right to take the beneficiary fund of $5000.00 collected upon a policy of insurance in the New England Mutual Accidenst Association of Boston, Mass.

The policy was on the mutual assessment plan, issued to the deceased as a member and certificate holder, providing for the assessment premiums to be paid by him.

The personal injuries less than death, for which indemnity was recoverable, were to be paid to him.

His application directed that the death loss be paid to his "heirs," and the written stipulation in the policy was to pay the same to "his executor or administrator for the benefit of legal heirs of said Andress."

The printed terms of the policy also provide, that in case of the insured surviving the beneficiaries named, then "the said benefit to be paid to the executor or administrator of said certificate holder in trust nevertheless, for his legal heirs."

The legal heirs here claiming are a sister and a brother. They were his next of kin at the time of the insurance, and also a the time of his death.

The insured paid the assessment premiums, and was to receive indemnity for certain injuries not resulting in death, so that there is no question as to his interest supporting this policy for the benefit of his brother and sister. See Campbell v. New England Mutual Life Ins. Co., 98 Mass., 381; Hagle v. Guardian Life Ins. Co., 6 Rob't., Supreme Court, N. Y., 567; Scott v. Dickson, 108 Pa. St., 6.

The contract of insurance with death benefit to his said heirs, was good on common law grounds, independent of any statutory provision.

It is claimed sec. 3628 authorizes insurance by the husband for the benefit of wife and children, and as other kin, like sister and brother, were not named therein, that therefore the maxim, "expressio unius exclusio alterius," applies, and excludes those of like degree of kinship from the benefit of insurance.

If the maxim applies at all, it would seem rather to be to the effect to subject a part of the benefit fund when the wife or child is the beneficiary, and not so when the sister or brother is the beneficiary, in that there is the greater temptation for the debtor to wrong his creditor in the former than in the latter case.

This claim does not appear well founded:

First—Because the obvious intent of sec. 3628, was to fix the exemption rights of wife and children in the benefit fund; also to fix rights of creditors, and not to give an insurance interest to wife and children. They already had that right at common law. The deceased had the common law right to thus contract insurance for the benefit of either himself, his sister or brother, and any statute in derogation thereof must be strictly construed.

Section 3629, Rev. Stat. of Ohio, is a provision about the same subject, with apparent contrary remedy given; however my view is that neither applies to the issues before me.

Second: The policy clearly shows that it is a contract, executed and to be performed in Massachusetts, and to be construed by the laws of that state (except as the same may be modified by the statute in granting franchise rights to transact business in Ohio.) By the charter provisions in that state such insurance benefit arising out of the mutual contract to pay premiums upon the assessment plan, is payable alone to the beneficiary, and is not subject to the claims of the creditors of either the insured or the beneficiary, although it may be directed to become a part of one's estate and disposed of by will, as in Harding v. Little, 150 Mass., 100.

Section 3630e, Rev. Stat. of Ohio, provides how such foreign mutual insurance association on the assessment plan contemplated by sec. 3630, Rev. Stat., may obtain a certificate from the superintendent of insurance to do business in Ohio, and said section provides, that a company may be organized to transact the business of a life or accident insurance "on the assessment plan, for the purpose of mutual protection and relief of its members, and for the payment of stipulated sums of money to the families or heirs of the deceased members of such company or association," and especially stipulates that "such company or association shall not be subject to the preceding sections of this chapter," (manifestly meaning sec. 3628 and others relating to life or accident insurance not on the mutual assessment plan.)

For this statutory reason it is manifest that the theory on which the rights of creditors were upheld under sec. 3628, in Cross v. Armstrong, 44 Ohio St., 613, cannot prevail in the case at bar.

The word heirs in this policy means, and was used to designate the insured's sister, Laura Andress Madden and brother, Augustus Andress—as his beneficiaries.

Therefore, the insured contracted with the insurance company that the death loss should be paid by it to his executors for the benefit of his said sister and brother, and it is ordered that they recover of the executor accordingly.

As to the meaning of the word "heirs" in a policy of a mutual company, see Jameson v. Knights Templars' Assn., 12 Bull., 272, Superior Court, General Term; Richardson v. Mishem, 3 Bull., 120, C. P., Stark Co.; Ins. Co. v. Pollard, 3 C. C., 577; Loos v. John Hancock Ins. Co., 41 Mo., 538; Gouch v. St. Jouis Mutua Life Ins. Co., 88 Ills., 251; Alexander v. N. W. Masonic Aid Ass'n., 126 Ill., 558; Richards v. Miller, 62 Ill, 417; Rawson v. Rawson, 52 Ill., 62; Lawnill v. Lawnill, 29 Ill. Appeal, 643; Britton v. Supreme Council, etc, 46 N. J. Eq., 132; Lyons v. Yessex, (Mich.) 58 N. W. Rep., 1112; Houghton v. Kendall, 7 Allen (Mass)., 72, 76, 77; Sweet v. Dutton, 109 Mass., 591; Ebys Appeal, 84 Pa. State, 241; Walsh v. Walsh, 20 N. Y. Sup., 933, affirmed without report in 143 N. Y., 662, 66 Hun., 297.

See Gibson v. Ins. Co., U. S. C. C., E. D., Mo., 77 Fed. R., 561.

Thomas B. Paxton and Benj. B. Dale, Attorneys for Heirs.

Follett & Kelley, and H. Douglass and Geo. W. Harding, Attorneys for Executors and Creditors.