BROOKS v. PARKS.

.1. WILLS—HUSBAND AND WIFE—HEIRS—DESCENT AND DISTRIBUTION—DEVISE TO CHILD, REMAINDER TO HEIRS.

In a devise of property to one of the daughters of testatrix, remainder to her children, and the remaining property to another daughter, remainder to her heirs, and in the event of the death of the grandchildren or any of them, before the time for receiving his or her share, the same should pass to the brothers and sisters, to be equally divided between them, and in case all the children of one daughter should die their shares to go to the children of the other daughter, the word heirs as applied to the second daughter, should be understood as intending the legal heirs of the devisee.

2. SAME—WORDS AND PHRASES.

In its legal and technical sense, the word heir is understood as designating the persons appointed by law to succeed in case of intestacy. Wherever the word is employed by a testatrix unaccompanied by qualifying or explanatory expressions, it must be allowed the meaning the law gives it and those only will come within the class thus described who would take under the intestate laws.

**3.** SAME—CONSTRUCTION.

A husband is the heir of his wife under the intestate stat-
utes. By the provisions of the foregoing will, the hus-
band of the second daughter mentioned in the will took
one-half the estate left by his wife, their son having died
before becoming seised of his share. The use of the word
heirs as to the one daughter, and children as to the other,
indicated the intent of the testatrix that the property
should descend differently.

Appeal from Oakland; Smith, J. Submitted June
23, 1915. (Docket No. 69.) Decided December 22,
1915.

Bill by Eugene Brooks against Austin R. Parks and
others for the construction of the will of Polly Robin-
son, deceased. From a decree for defendants, com-
plainant appeals. Reversed.

*Perry & Lynch* (*John H. Patterson*, of counsel), for
complainant.

*Glenn C. Gillespie* and *Andrew L. Moore*, for defend-
ants Edgar A. Parks and Polly E. Bray.

BROOKE, C. J. Complainant files his bill of com-
plaint in this cause for the purpose of securing a con-
struction of the will of Polly Robinson, deceased. The
will was made October 5, 1881, and admitted to pro-
bate March 4, 1889. At the time the will was made,
and at the time of her death, the testatrix had two
daughters, Anna E. Parks and Martha J. Brooks, and
no other children. She had four grandchildren, all of
whom survived—Austin R. Parks, Edgar A. Parks,
and Polly E. Bray, children of Anna E. Parks, and
Francis E. Brooks, the only child of Martha J. Brooks,
and this complainant, her husband. Her daughter
Anna E. Parks died February 26, 1903, and her daugh-
ter Martha J. Brooks died March 25, 1914. Francis
E. Brooks, son of Martha J. Brooks, died before his

mother, on December 5, 1907. The other three grandchildren are still living and are defendants in this case. Complainant has acted as administrator of the estate, with the will annexed, for upwards of 20 years. Upon the death of Anna E. Parks in 1903, a partial distribution of the estate was had. Upon the death of Martha J. Brooks, in March, 1914, it became necessary to distribute the residue thereof, and the question arises as to how said residue shall be distributed.

The twelfth and thirteenth paragraphs of the will are as follows:

"12. After the legacies and bequests hereinbefore mentioned are disposed of, settled and paid, I give and bequeath all of the remainder of my personal and real estate which I now have or may hereafter acquire as follows, to wit: The use of one-half thereof I give and bequeath to my daughter, Anna E. Parks during her lifetime and after her decease I give and bequeath the said one-half of my said property to her children to be divided equally among them. I give and bequeath the use of the remaining half of all my said property to my daughter, Martha J. Brooks during her lifetime and after her decease I give and bequeath the said remaining half of my said property to her heirs.

"13. I hereby order and direct that in case of the death of any of my grandchildren before the time of receiving his or her share of my property as above specified, the share belonging to such deceased child or children shall belong to the brothers and sisters of such deceased child to be equally divided between them, and in case all of the children of one of my said daughters shall die before the time of receiving their share of said property then I order and direct that the said shares shall be given to the children of the other daughter to be equally divided between them."

Complainant shows that as administrator he has in his hands the sum of $18,098.58 to be distributed. He claims that under the final section of the twelfth clause of the will, he, being one of the heirs of Martha J. Brooks, is entitled to one-half of said sum. It is the

contention of the defendants, on the other hand, that the thirteenth clause limits the operation of the twelfth clause and clearly indicates an intention on the part of the testatrix to have the entire residue of the personal estate, devised by section 12, descend to her grandchildren, the children of one or the other of her daughters. From a decree sustaining this view, complainant has appealed.

In the late case of *Beck's Estate,* 225 Pa. 578 (74 Atl. 607), it is said:

"In its legal and technical sense the word 'heir' is understood as designating the persons appointed by law to succeed in case of intestacy, and, wherever the word occurs in a will unaccompanied by qualifying or explanatory expressions, it must be allowed the meaning the law gives it, and those only will come within the class thus described who would take under the intestate laws. And where qualifying expressions are relied on to give other than technical meaning, these must be so direct and unequivocal as to imperatively require such interpretation"—citing *Criswell's Appeal,* 41 Pa. 288, and *Eby's Appeal,* 50 Pa. 311.

In the case of *Gerard* v. *Ives,* 78 Conn. 485 (62 Atl. 607), the clause of the will under consideration was as follows:

"* * * One-fourth part to Henry White, Esq., of New Haven, in trust and confidence that he will annually pay over the rents, issues, interest, and profits thereof to Eunice Louise Beecher, wife of George H. Beecher, my niece, during her natural life; and then and after her decease, I give, devise, and bequeath the said fourth part to her lawful heirs forever."

The court there said:

"The plaintiff claims that the words 'her lawful heirs,' as used in the above quotation, should be held to mean either 'children' of Mrs. Beecher, or the lawful heirs of Mrs. Beecher, living at the death of Mrs. Maltby (the testatrix). This claim is not tenable. In its primary and technical meaning in our law, the

word 'heirs' is used to express the relation of persons to some deceased ancestor; and when it is used in a will, as here, to point out legatees or devisees, its primary legal meaning should be given to it unless it is clearly shown by legitimate evidence that the testator used it in a different sense. This is the settled rule of construction in this State"—citing *Gold* v. *Judson*, 21 Conn. 616; *Rand* v. *Butler*, 48 Conn. 293; *Leake* v. *Watson*, 60 Conn. 498 (21 Atl. 1075); *Ruggles* v. *Randall*, 70 Conn. 44 (38 Atl. 885).

In the case of *Smith* v. *Winsor*, 239 Ill. 567 (88 N. E. 482), it is held that the word "heirs" in a will may mean children, and it may mean some other class of heirs, not including all, where the context of the entire will plainly shows such purpose.

That the complainant under the laws of this State was an heir to his wife, Martha J. Brooks, is not open to question. *Lyons* v. *Yerex*, 100 Mich. 214 (58 N. W. 1112, 43 Am. St. Rep. 452); *Turner* v. *Burr*, 141 Mich. 106 (104 N. W. 379); and *Menard* v. *Campbell*, 180 Mich. 583 (147 N. W. 556). As such heir, there being no children, complainant would inherit one-half of the estate left by his wife. Act No. 331, Pub. Acts 1905, and Act No. 286, Pub. Acts 1909.

The fact that Martha J. Brooks possessed only a life interest in the property devised is of no consequence. Complainant, as to the property in question, does not inherit from his wife. He is entitled to take simply because he is designated in the will of the testatrix as one to whom the property shall go upon the expiration of the life estate. It is strongly urged on behalf of defendants that a contrary intention on the part of the testatrix is to be gathered from a consideration of the whole instrument. With this view we are unable to agree. The fact that the testatrix in the same clause devised the remainder in one-half to the children of her daughter Anna E. Parks, and the remainder in the other one-half to the heirs of her daughter Martha

J. Brooks, in our opinion, clearly indicates an intention upon her part to have the several remainders descend differently. Her determination to so dispose of the re-- mainders may have been induced by the fact that, while her daughter Anna E. Parks had three children, her daughter Martha J. Brooks had but one child.

Nor do we think the language of the thirteenth clause modifies that contained in the twelfth clause. In effect, that clause provides that, upon the death of any of the grandchildren, his or her share of the property "as above specified" shall be disposed of among the other children. The words "as above specified" clearly refer to foregoing provisions of the will, and, so far as it affects the question under consideration, to section 12 of the will. What share "as above specified" would go to Francis E. Brooks, the only child of Martha J. Brooks? Had he outlived his mother, the question then would have arisen between himself and his father, both of whom would have been heirs of Martha J. Brooks and entitled to take the remainder under the plain language of the closing lines of section twelve. Francis E. Brooks having predeceased his mother, his share "as above specified" must go to his cousins, the defendants herein. But his father, the complainant, coming within the designation as an heir of Martha J. Brooks, is entitled to his distributive share under the language of the section under consideration.

The decree of the court below is reversed, and a decree will be entered in this court upon the footings of this opinion.

KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.