S. H. CUMMINS, Appellant, *vs.* MARGARET J. DRAKE *et al.* Appellees.

*Opinion filed October 16, 1914.*

PARTITION—*mere existence of life estate does not prevent partition.* The mere existence of a life estate in the whole premises does not prevent partition among the remainder-men prior to the death of the life tenant, as the remainder, if not divisible, may be sold without the life estate and the proceeds divided, or, if the life tenant consents, the whole estate may be sold. (*Dee* v. *Dee,* 212 Ill. 338, distinguished.)

APPEAL from the Circuit Court of Macon county; the Hon. W. C. JOHNS, Judge, presiding.

BUCKINGHAM & McDAVID, (S. H. CUMMINS, *pro se,*) for appellant.

B. F. SHIPLEY, and REDMON & HOGAN, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

S. H. Cummins, the appellant, filed his bill in the circuit court of Macon county to partition forty acres of land. Margaret J. Drake and other heirs-at-law of John W. Drake, deceased, (the appellees,) were made defendants and interposed a demurrer to the bill. The demurrer was sustained and the bill dismissed, and this appeal has been prosecuted from that decree.

The title to the land involved was derived through Nicholas Drake, who died testate. The first clause of his will is as follows: "I give and bequeath to my wife, Margaret J. Drake, the use of all my real estate during her natural life or as long as she remains my widow, and at her death or re-marriage the real estate to be divided as follows between my heirs, as follows:" By the second clause he devised his real estate to his three children, subject to the life estate of his wife, giving to each specific tracts, accurately described. To his son John he devised

the forty acres in question.  On February 12, 1904, John died intestate, leaving no children or descendants of children, but leaving Alice Drake, his widow, Margaret J. Drake, his mother, Mary, his sister, and two nieces, as his only heirs-at-law surviving him.  Alice Drake thereafter conveyed her interest in the forty acres involved to appellant, who thereupon brought this suit to partition the land, subject to the life estate of Margaret J. Drake.

The contention of appellees is, that the will of Nicholas Drake imposed such conditions or restrictions on the various devises in the will as to prevent the devisees, their heirs or assigns, from demanding partition of any portion of the estate.  In support of this contention they rely principally upon *Dee* v. *Dee,* 212 Ill. 338.  The situation presented by the will of Nicholas Drake is in no respect similar to that involved in the *Dee case.*  By the will here involved Margaret J. Drake was given a life estate in all of the real estate of the testator and the remainder was specifically devised to his various children, the possession only being postponed until the death or re-marriage of Margaret J. Drake.  Appellees concede in their argument that "there is no doubt but the remainder vested at once upon the death of the testator, but the right of enjoyment was deferred until the death or re-marriage of the widow." John W. Drake became vested, immediately upon the death of his father, with the remainder in the forty acres devised to him, subject only to the life estate of his mother, and he had the right to sell it or dispose of it in any manner he chose.  Upon his death his wife, under the statute, inherited an undivided one-half of that remainder and had the same right to dispose of it as her husband had in his lifetime.  Appellant being the remainder-man of an undivided interest in this property is entitled to maintain a suit for partition against the owners of the remaining undivided interests in remainder, and this is true although the whole premises are subject to a life estate which is unexpired.

(*Scoville* v. *Hilliard,* 48 Ill. 453; *Drake* v. *Merkle,* 153 Ill. 318.)   Partition among remainder-men does not necessarily affect the estate of a life tenant, as the remainder, if not divisible, may be sold without the life estate and the proceeds divided, or, if the life tenant consents, the whole estate may be sold.   (*Drake* v. *Merkle, supra.*).  Appellant's right to partition is imperative and the court erred in sustaining the demurrer to the bill.

The decree of the circuit court is reversed and the cause remanded.                          *Reversed and remanded.*