Robert Bell McGinnis, Appellee, *vs.* Mary E. Campbell *et al.* Appellants.

*Opinion filed June 22, 1916.*

1. Wills—*testator may devise an interest in fee to one who has been given a life estate.* It is not contrary to law or public policy to devise an interest in fee to one who has been given a life estate in the premises, and such an interest may be given where a devise is to the testator's heirs, which *prima facie* includes all heirs; but such technical construction of the word "heirs" will give way to a contrary intention appearing from the language of the will.

2. Same—*when devise to legal heirs will not be held to include the widow.* Where the testator gives a life estate to his wife in all of his property if she survives him, gives a life estate, after her death, to his grand-nephew, and provides that after the death of the wife and the grand-nephew the remainder shall go to "my legal heirs at the time of my decease," the term "legal heirs" will be held to mean heirs by the blood and will not include the widow, although the testator left no children or descendants of children. (*Smith* v. *Winsor,* 239 Ill. 567, and *Black* v. *Jones,* 264 id. 548, followed.)

3. Partition—*fee may be partitioned subject to life estate.* In the absence of any restriction in the will a fee may be partitioned subject to a life estate in the premises.

Appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding.

Chapin & Chapin, for appellants.

Barber & Barber, for appellee.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Sangamon county awarding the partition of real estate. The bill was filed by Robert Bell McGinnis, appellee, and alleged that he was the owner of a life estate in the premises sought to be partitioned, and that he and others named as some of the parties defendant to the bill were the owners of the remainder in fee simple, as tenants in common.

Their title, it was alleged, was derived through the last will and testament of Robert Smith McGinnis. The will was set out in full in the bill and made part thereof.

The rights of the parties to this litigation depend upon the construction to be given the will of Robert Smith Mc-Ginnis, who died May 6, 1898, leaving no children nor descendants of children surviving him, but leaving a widow, Mary Ellen McGinnis, and several collateral kindred by blood, as his heirs. By the second paragraph of the will the testator gave his widow a life estate in his real and personal property. The third and fourth paragraphs are as follows:

"*Third*—It is my further desire, and I do hereby devise and bequeath to the said Robert Bell McGinnis at the death of my said wife, all my property, both real and personal, to be held by him during the term of his natural life; and in the event that my said wife shall not survive me, I give and bequeath to the said Robert Bell McGinnis all my property, both real and personal, to be held by him during the period of his natural life.

"*Fourth*—It is my will and desire, and I do hereby devise and bequeath the remainder of all my property, both real and personal, after the death of my wife and the said Robert Bell McGinnis, to my legal heirs at the time of my decease, to be distributed to them according to the laws of descent of the State of Illinois, intending hereby to direct the same to be distributed exactly the same as would be distributed after the death of said parties under the laws of descent."

The widow died in 1907, intestate as to the property here in controversy. She left a number of collateral kin of her blood as her heirs and they were made parties defendant to the bill. This bill was filed by Robert Bell McGinnis, the life tenant, after the death of the widow. He claimed to own an interest in the fee, subject to his life estate, by virtue of the will, and he also claimed to have purchased

the interest of some of the heirs of the widow, Mary Ellen McGinnis, which the bill alleged they inherited from her, and that she derived title to her interest through the will of her husband.

The construction of the will contended for by complainant is, that there being no children nor descendants of children left by the testator, his widow was by the statute made one of his heirs, and the devise of the remainder after the termination of the life estate of Robert Bell McGinnis, complainant, to the heirs of the testator, included his widow as well as his heirs by blood, and that at her death her interest passed to her heirs. Defendants contend that the devise of the remainder was to those, only, who were heirs of the testator by blood and did not include "statutory heirs;" that the widow took no interest in the fee, and those answering the description of her heirs at the time of her death inherited from her no interest in the property.

The legal questions were raised by a demurrer to the bill, which assigned as special ground for demurrer (1) that Mary Ellen McGinnis took no interest in the land under the will of her husband and that her heirs took no interest in the property at her death; (2) that the fee could not be partitioned, for the reason that it would be in violation of a condition or restriction imposed by the testator. The court overruled the demurrer, and all the demurring defendants stood by the demurrer except one, who answered. The cause was heard by the court and a decree for partition granted in accordance with the prayer of the bill. The defendants who demurred to the bill have prosecuted this appeal to this court.

We think *Smith* v. *Winsor*, 239 Ill. 567, and *Black* v. *Jones*, 264 id. 548, are in point and sustain the construction of the will contended for by appellants. It is true there is some difference in the phraseology of the wills in those cases and the one here involved, but both those cases involved the question whether a devise of a remainder in

fee to a testator's heirs where a life estate had been given
the widow, and who, because there were no children nor de-
scendants of children, was also an heir, included the widow,
or meant only heirs of the blood of the testator. It is
not contrary to law or public policy to devise an interest in
the fee to one who has been given a life estate in the prem-
ises, and where a devise is to the testator's heirs it would
*prima facie* include all heirs; but this technical construction
of the word "heirs" will give way to the intention of the
testator if it appears from the language of the will that it
was not intended to include all persons who would answer
that description but only to a class of heirs. (*Blackmore*
v. *Blackmore,* 187 Ill. 102; *Black* v. *Jones, supra.*)   In
*Smith* v. *Winsor, supra,* a life estate with certain powers
was given a wife if she survived the testator, and at her
death the remainder to descend to the testator's heirs-at-law
in the proportions provided by the statutes of the State of
Illinois. If the wife did not survive her husband the prop-
erty was to go at his death to the same persons and in the
same manner. The wife survived him but no child nor de-
scendants of a child survived him, and upon the death of
the widow the question arose whether she was included in
the devise of the fee to the testator's heirs-at-law. The
court held she was not, and that the term "heirs-at-law," as
then used, meant heirs by blood. In *Black* v. *Jones, supra,*
after giving the wife certain property in fee and placing the
remainder of his estate in the hands of trustees with direc-
tions to pay the income to the widow, the testator directed
that at the widow's death the trust estate be conveyed by
the trustees "to my heirs-at-law living at the time of my
death." There were no children nor descendants of chil-
dren of the testator, and after the widow's death the ques-
tion arose whether she was intended by the testator as one
of his heirs-at-law, and it was held that she was not but as
that term was used in the will it included only heirs of the
blood. As we have said, the language of those wills dif-

fered from the exact language here used, but there was not such difference of language as to distinguish them from this case, and the general principles held to govern in those cases apply also in this case.

Aside from the fact of its being unusual to devise a person an interest in the fee of land which is given him to possess, use and enjoy during his life, and the force and effect to be given that circumstance, we think there are some aids in the language of this will, though not of the most illuminating character, perhaps, which assist in arriving at the meaning intended by the testator in the devise of the fee to his legal heirs after the termination of the life estates. It clearly appears that the scheme of the testator for disposing of his property was, first, to provide for his wife if she survived him, which he did by giving her a life estate. Next he desired at her death his grand-nephew, Robert Bell McGinnis, should have the use and enjoyment of his property during his life, but his life estate was postponed, if the wife survived the testator, until the termination of her life estate by death. If she died before the testator Robert Bell McGinnis came into possession of the property, by virtue of his life estate, immediately upon the death of the testator. After making these provisions and providing for the contingency of his wife's death before the death of the testator, he devised the fee, subject to the life estates, to his legal heirs. The fee is devised to the same persons whether the wife survived him or not. Certainly, if she died before the testator's death she could take no interest in the fee, and no provision was made that her collateral kin and heirs should have any interest in the estate. It seems to us that the testator must have intended the term "legal heirs" to have meant heirs of his blood. He knew his widow could get no benefit from the property beyond the use and enjoyment of it during her life, and if he had intended that those claiming an interest in the property now as her heirs should have any interest in the

land it seems he would have used language evidencing such intention.

The will contains no restriction against the partition of the fee subject to the life estates, and we have repeatedly held this may be done. *Cummins* v. *Drake,* 265 Ill. 111; *Whitaker* v. *Rhodes,* 242 id. 146; *Deadman* v. *Yantis,* 230 id. 243.

The decree of the circuit court is reversed and the cause remanded, with directions to sustain the demurrer, and for further proceedings not inconsistent with the views expressed in this opinion.

*Reversed and remanded, with directions.*