Clemens v. Munroe, 212 Ill. App. 296.

---

## Austin A. Clemens, Appellant, v. Katherine B. Munroe et al., Appellees.

### Gen. No. 23,633.

1. WILLS, § 262*—*when words "heirs at law" construed to include husband of testator.* Where it does not otherwise clearly appear from the context of the will, the words "heirs at law" will be construed to designate the same persons as in case of intestacy, and to include a husband, and therefore a husband may contest, on the ground of her mental incapacity, a will by his wife disposing of property given her under a will which provided that in the event she failed to dispose of it, it should pass to her heirs at law.

2. EQUITY, § 183*—*when plea not sustained.* A plea must stand or fall upon its own merits and cannot be sustained by showing the bill to be defective.

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed October 15, 1918. Rehearing denied October 25, 1918.

WILLIAM E. RAFFERTY, for appellant; SIMON LA GROU, of counsel.

TENNEY, HARDING & SHERMAN and JOHN S. STEVENS, for appellees; HORACE KENT TENNEY and JOHN S. STEVENS, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE BARNES delivered the opinion of the court.

The bill of complaint herein was filed by appellant, surviving husband of Annis Munroe Clemens, to contest her last will and testament, to which was filed a joint and several plea to the whole bill. The plea having been set down for argument, and, on a hearing, held a sufficient bar to the bill, and the complainant having elected not to plead further, the decree dismissed the bill for want of equity, from which this appeal is taken.

The theory on which the bill seeks to have her will declared null and void is alleged mental incapacity and undue influence inducing its execution. The gist of the plea is that complainant has no right that gives him a standing to maintain the suit.

The plea sets forth the fact of the death of James E. Munroe, an attorney at law and father of said Annis Munroe, and the provisions of his last will and testament, whereby he gives one-third of his residuary estate to a trustee for his daughter Annis, "for her sustenance and support during her life," empowers the trustee to invest and reinvest the same and to collect the income, directs that said income be paid over into her own personal hands "and not to any husband she may have, or to any other person," and further directs:

"* * * that, upon the death of said Annis Munroe, after my decease, said trustee shall transfer and pay over the principal of this trust estate to the person or persons to whom said Annis Munroe shall, by her last will and testament, appoint or bequeath the same; and, in default of such appointment or bequest by the said Annis Munroe, then to the heirs at law of said Annis Munroe."

The plea then avers that said will of Annis was a mere exercise of such power of appointment or bequest given in her father's will, and did not attempt to dispose of her own estate; that James E. Munroe in-

tended in his said will to use the words "heirs at law" in the sense of "heirs of the blood," wherefore complainant had no standing to maintain his suit, and defendants ought not to be compelled to make any answer.

To sustain such construction of the words "heirs at law" in the quoted provision, appellees cite the cases of *Smith v. Winsor*, 239 Ill. 567; *Black v. Jones*, 264 Ill. 548, and *McGinnis v. Campbell*, 274 Ill. 82, in each of which the court held that the testator's use of the words "heirs at law" were intended to mean "heirs of the blood." While the wills under consideration in those cases, each taken as a whole, clearly indicated such an intent, we fail to discern any such intent in the will of James E. Munroe, or that the facts set up in the plea tend to disclose such an intent.

Construing the words "heirs at law" as used in the will of a testatrix, who, as in the instant case, left a surviving husband but no child or children, it was held in *Richards v. Miller*, 62 Ill. 417, citing *Rawson v. Rawson*, 52 Ill. 62, and other authorities, that where it does not otherwise clearly appear from the context of the will, the words "heirs at law" will be construed to designate the same persons as in case of intestacy, and that the husband, in such a contingency, will be included within such words. We fail to see in the plea, or authorities cited to sustain it, anything that would warrant a different interpretation here. Hence we think appellant could properly institute the suit, and that the plea should, therefore, have been overruled.

Appellees argue that the bill is insufficient to support the relief prayed for. Whatever might be our view on that matter were it properly before us, it is enough to say that the plea cannot be sustained by showing the bill to be defective. (*Sperry v. Miller*, 2 Barb. Ch. [N. Y.] 632.) The sufficiency of the bill cannot be questioned by the plea. The plea must stand or fall upon its own merits. (*Lawrence v. Pool*, 2 Sandf. [N. Y.] 540; *Van Hook v. Whitlock*, 3 Paige [N. Y.]

409.)   Consequently we must reverse the decree and remand the cause.

*Reversed and remanded.*