(No. 13408.—Reversed and remanded.)

GEORGE A. HIMMEL et al. Appellees, vs. CHARLES E. HIMMEL et al.—(JOHN A. MARSHALL et al. Appellants.)

*Opinion filed October 23, 1920.*

1. WILLS—*intention of testator must prevail unless prohibited by law.* The purpose of construing a will is to ascertain the intention of the testator and to give the same effect, and all rules of construction yield to that intention, which, when ascertained, will prevail unless prohibited by law.

2. SAME—*what may be considered in ascertaining testator's intention.* In ascertaining a testator's intention the whole scope of the will is to be considered and every provision given due weight to ascertain the plan of the testator in the light of the circumstances surrounding him, his family and property at the time of making the will.

3. SAME—*meaning of the word "heir."* The word "heir" in its primary meaning designates the person appointed by law to succeed to the estate in case of intestacy.

4. SAME—*"heirs" or "heirs-at-law" of testator are to be designated at his death unless contrary intention is manifested.* Where a testator refers to his "heirs" or "heirs-at-law" as devisees of a remainder, the provision will be held to apply to those who are heirs of the testator at his death unless the intention to refer to those who shall be his heirs at a subsequent period is plainly manifested.

5. SAME—*life tenant may be included in devise of remainder to testator's "heirs-at-law."* Where a life estate is devised to one of several heirs-at-law of the testator with remainder to the testator's heirs-at-law, the life tenant is included within the term "heirs-at-law" and is included in the devise of the remainder.

6. SAME—*fact that life tenant is sole heir is not conclusive in ascertaining what heirs-at-law take the remainder.* Where a life estate is devised with remainder to the testator's heirs-at-law, the fact that the life tenant is sole heir is not, alone, sufficient to post-

pone the period of vesting the remainder until the death of the life tenant, although such fact may be considered in determining the nature of the remainder and the time when the heirs-at-law are to be ascertained. (*Johnson* v. *Askey*, 190 Ill. 58, explained.)

7. SAME—*when word "then" does not indicate time of ascertaining heirs-at-law.* Where a testatrix, after devising a life estate to her son and only child, provides that if the life tenant shall die without leaving issue surviving him, "then it is my will that such real estate revert and go to my heirs as if no will had been made," the word "then" does not indicate the time of ascertaining the heirs-at-law of the testatrix but refers to the event upon the happening of which the legal heirs take the property.

8. SAME—*when devisees of remainder, as heirs of testatrix, are ascertained at her death although life tenant is sole heir.* Where a testatrix devises a life estate to her son and only child and provides that if the life tenant die without leaving issue surviving him "then it is my will that such real estate revert and go to my heirs as if no will had been made," the "heirs" of the testatrix will be ascertained at her death if no contrary intention is manifested in the will, and upon the death of the life tenant without issue surviving, his heirs, including his widow, will inherit the remainder through him as sole heir of the testatrix.

APPEAL from the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding.

LYMAN LACEY, JR., and EDMUND P. NISCHWITZ, for appellant Sara E. Marshall.

HEYL & HEYL, for appellant John A. Marshall.

SMITH & SMITH, (WILLIAM A. POTTS, guardian *ad litem,* of counsel,) for appellees.

BROWN & BARNES, for Charles E. Himmel, Executor.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Mary Marshall, a widow, fifty-four years of age, who was the owner of 671 acres of land in Tazewell county and residence property in the city of Havana and lots in a Chau-

tauqua park near Havana, in Mason county, made her last will and testament on April 2, 1908, by which she devised all of said real estate in trust for Horace S. Marshall, her son and only child, until he should arrive at the age of thirty years, when the trust was to terminate and he was to have all the real estate for and during his natural life, and these provisions were followed by the fifth clause, as follows:

*"Fifth*—Upon the decease of my said son I hereby direct that all my said real estate heretofore devised to him for and during his natural life vest in fee simple in the issue of my said son surviving him, the descendants taking the share of any deceased child of said testator, but should he die without leaving issue surviving him, then it is my will that such real estate revert and go to my heirs as if no will had been made."

Mary Marshall died on February 8, 1913, and the will was admitted to probate in the county court of Mason county. Horace S. Marshall was the only child ever born to Mary Marshall and was her only heir-at-law at the time of her death. He married Sara E. Marshall, and died on November 23, 1918, at the age of twenty-six years, without leaving issue surviving him. The appellees, who are half-brothers and sisters of Mary Marshall, filed their bill in the circuit court of Tazewell county in this case, alleging that they and the defendant Charles E. Himmel were each the owner of four twenty-eighths, and the four children of Emma Budke, a deceased half-sister of Mary Marshall, were each the owner of one twenty-eighth of the real estate in fee simple, and praying for partition. The bill was answered, and the controversy was whether the devise of the remainder was to those who were heirs-at-law of Mary Marshall at the time of her death or were such heirs-at-law at the death of Horace S. Marshall, when the life estate terminated, and the claim of the complainants was that the members of the class were to be ascertained at the termination of the life estate, which would exclude Horace

S. Marshall and his heirs-at-law. The issue was referred to the master in chancery, who sustained the claim of the complainants and reported accordingly, and the chancellor, on a hearing, adopted that view and entered a decree for partition in accordance with the prayer of the bill. From that decree Sara E. Marshall, and John A. Marshall, one of the heirs-at-law who contended that the heirs were to be ascertained at the death of Mary Marshall, appealed to this court.

The purpose of construing a will is to ascertain the intention of the testator and to give it effect unless contrary to some positive rule of law. (*Welsch* v. *Belleville Savings Bank,* 94 Ill. 191; *Bingel* v. *Volz,* 142 id. 214; *Furnish* v. *Rogers,* 154 id. 569; *Whitcomb* v. *Rodman,* 156 id. 116; *Williams* v. *Williams,* 189 id. 500; *Engelthaler* v. *Engelthaler,* 196 id. 230; *DesBoeuf* v. *DesBoeuf,* 274 id. 594; *Way* v. *Geiss,* 280 id. 152; *Walker* v. *Walker,* 283 id. 11.) All rules of construction yield to the intention of the testator as expressed in his will, and when such intention is ascertained it will prevail over any such rule unless prohibited by law. (*Kennedy* v. *Kennedy,* 105 Ill. 350; *Black* v. *Jones,* 264 id. 548; *Smith* v. *Garber,* 286 id. 67.) In ascertaining the intention of the testator the whole scope of the will is to be considered and every provision given due weight to ascertain the plan of the testator in the light of the facts and circumstances surrounding him, his family and property at the time of making the will. (*Taubenhan* v. *Dunz,* 125 Ill. 524; *Dickison* v. *Dickison,* 138 id. 541; *Perry* v. *Bowman,* 151 id. 25; *Young* v. *Harkleroad,* 166 id. 318; *Phayer* v. *Kennedy,* 169 id. 360; *Ransdell* v. *Boston,* 172 id. 439; *Morrison* v. *Tyler,* 266 id. 308; *Jenne* v. *Jenne,* 271 id. 526; *Martin* v. *Martin,* 273 id. 595; *Jordan* v. *Jordan,* 274 id. 251; *Abrahams* v. *Sanders,* id. 452; *Muhlke* v. *Tiedemann,* 280 id. 534.) These rules are not questioned, but the position of appellees is that inasmuch as Horace S. Marshall was the sole prospective heir of Mary Marshall

at the time the will was made and was her sole heir-at-law at her death, her intention was to exclude him, and that her heirs-at-law should be determined at his death on the termination of his life estate.

The word "heir" in its primary meaning designates the person appointed by law to succeed to the estate in case of intestacy. (2 Blackstone's Com. 201; *Rawson* v. *Rawson,* 52 Ill. 62.) Where the word occurs in a will it will be held to apply to those who are heirs of the testator at his death, unless the intention of the testator to refer to those who shall be his heirs at a period subsequent to his death is plainly manifested in the will. (*Kellett* v. *Shepard,* 139 Ill. 433.) While, ordinarily, the term "heirs-at-law" used by a testator refers to those who are or will be such at the testator's death and not at some later period, and this is the natural import of the words, yet under the rule that the intention of the testator, definitely expressed, will prevail over strict technical terms, such meaning will be given to the term as will carry out the intention of the testator. *Smith* v. *Winsor,* 239 Ill. 567; *Winchell* v. *Winchell,* 259 id. 471; *Black* v. *Jones, supra.*

It is the established law of this State that where a life estate is devised to one of several heirs-at-law of the testator with remainder to his heirs-at-law, the life tenant is included within the term "heirs-at-law" and is included in the devise of the remainder. (*Kellett* v. *Shepard, supra; Smith* v. *Winsor, supra; Downing* v. *Grigsby,* 251 Ill. 568.) There is nothing in such a case which indicates an intention of the testator to exclude the life tenant from a share in the remainder, but it is insisted by appellees that there is a substantive rule of law where the life tenant is the sole heir-at-law of the testator that he is excluded from the remainder and those who are heirs-at-law are to be ascertained at the termination of the life estate. A will where that fact was a material factor in ascertaining the testator's intention was construed in *Johnson* v. *Askey,* 190 Ill. 58.

294–36

In that will Roan Johnson created a trust for the lifetime of his daughter, Mary E. Johnson, who was mentally defective, with a provision that if she should die without issue the estate should revert to his heirs and the heirs of his wife, Elizabeth Johnson, then deceased. The court began the effort to ascertain the intention of the testator by stating the settled rule that the entire will must be considered in the light of all the circumstances surrounding the testator at the time the will was made, and it should not therefore be understood that in arriving at the intention of the testator consideration was not given to the provisions of the will aside from the fact that Mary E. Johnson was the sole heir-at-law. The remainder was to heirs-at-law of the testator's wife, who was deceased at the time the will was made and whose heirs had been ascertained, and to the heirs of the testator, who were not then ascertained and would not be until his death. The class to take the remainder was to be ascertained at some definite single point of time in the future, and that would most naturally be the time when it would be found that the remainder would take effect. The court gave weight to the fact that the life tenant was the sole heir-at-law, but said that while the law will fix the time at which remainders vest at the death of the testator rather than at the period of distribution where it clearly appears from the entire will that it was not the intention of the testator that the remainder should vest at the time of his death but at the period of distribution, such intention will be carried out by the courts, and said: "Here there will be no persons in existence answering the description 'heirs of myself and my wife' until the death of appellant, at which time the estate will vest in such heirs." The court quoted from *Abbott* v. *Bradstreet,* 3 Allen, 587, where the decision was that an heir-at-law to whom the testator has given a life estate may also take as one of the heirs-at-law to whom the remainder is given, but the whole opinion clearly shows that it was used only as one means of

ascertaining the intention of the testator. The court also cited *Welch* v. *Brimmer,* 169 Mass. 204, where the testator devised his property to one in fee with an executory devise over on the death of the first devisee without leaving issue surviving him, to the person or persons who should be the testator's heir or heirs-at-law, and it was held that the heirs were to be determined as of the time of the death of the devisee. That was not a devise of a life estate with a remainder. The court was influenced by the argument that it was absurd to suppose that by indefinite language the testator intended to give to an only child real estate in fee, and then, on default of issue, to devest him of it in order to give it back to him in fee under the designation of heir, which furnished a stronger reason for holding that the heirs were to be determined at the time of the death of the first taker than when the first taker has only a life estate and the devise is of a remainder, and said that for those reasons the majority of the court were of the opinion that the heirs intended were the heirs living at the time of the death of the first taker. That court has accorded to the fact that the first taker is the sole heir of the testator at least as much weight as any other court, and, speaking by the same justice in an opinion filed at the same time in *Heard* v. *Read,* 169 Mass. 216, where a similar conclusion was reached, said that the rule was not a rule of substantive law but a rule of interpretation which had been adopted as one means of ascertaining the intention of the testator as expressed in his will, and it never should be used to defeat what from the whole will appears from reasonable certainty to have been his intention. The court further said that it had been intimated with some doubt that where the first taker was the sole heir it was not intended to include him by the designation of the testator's heirs-at-law, and in the will then under consideration the court found in other provisions reason for interpreting the will in that way.

This court has never made the fact that the life tenant was the sole heir of the testator the only basis of a decision that heirs-at-law are to be ascertained at his death. The case of *Johnson* v. *Askey, supra,* was referred to in *Bond* v. *Moore,* 236 Ill. 576, where Lester Curtis was given a life estate with power to sell and exchange and invest proceeds, and if he should die without children, the estate, or so much of it as might remain after his reasonable expense for living, should go to the nearest relatives of the testator in such proportions as the law in such case provided. In case Curtis left issue no disposition was made of the remainder, and no estate was given to such issue either by the terms of the will or by implication, but whatever remained unspent of the estate was to go by way of remainder to the nearest relatives of the testatrix, which term does not have the direct, strict and technical meaning of heirs-at-law. Regardless of the meaning of the term, the estate devised in remainder could not be ascertained until the death of Curtis, or what, if anything, unspent would go to the nearest relatives. These provisions of the will made reference to *Johnson* v. *Askey,* applicable, not because it was a positive rule of law but as a means of interpretation. In *Smith* v. *Winsor, supra,* the rule declared was that the fact that a life tenant was one of the heirs of the testator does not establish an intention to exclude him from the heirs who take the remainder, and *Johnson* v. *Askey,* which was referred to as an exception, was in no way involved. In *Downing* v. *Grigsby, supra, Carpenter* v. *Hubbard,* 263 Ill. 571, and *Lynn* v. *Worthington,* 266 id. 414, *Johnson* v. *Askey* was referred to as not applicable to the wills under consideration. In *People* v. *Camp,* 286 Ill. 511, it was said to be well established as a general rule of construction that a bequest or devise by a testator to his heirs-at-law will be construed as referring to those who were such at the time of his death unless a different intent is plainly manifested by the will, but where it is clearly

manifested by the provisions of the will that the intent of
the testator was to designate those persons who would be
his heirs at the time of the distribution of the property
that construction must prevail, citing *Kellett* v. *Shepard,
supra, Carpenter* v. *Hubbard, supra,* and other cases, and
it was held that the rule laid down in *Johnson* v. *Askey*
was not applicable to that case. It has been held by other
courts that the fact that the first taker is also the sole heir,
where nothing further appears in the will, is not sufficient
to postpone the period of vesting of the remainder, (*Rand*
v. *Butler,* 48 Conn. 293; *Thomas* v. *Castle,* 76 id. 447;
*Kenyon, Petitioner,* 17 R. I. 149;) but under our decisions
what effect is to be given to the fact in determining the
intention of a testator is to be determined from the whole
will. In *Jewett* v. *Jewett,* 200 Mass. 310, the court re-
peated what was said in *Heard* v. *Read, supra,* that the
principle is not a rule of substantive law but a rule of in-
terpretation adopted as one means of ascertaining the inten-
tion of the testator, and that his intention is to be ascertained
from the language of the whole will in view of all the cir-
cumstances of the case, and in many cases a limitation to
the heirs of a testator or of a beneficiary after the termina-
tion of a life estate which is prolonged beyond the period
of his own life, had been construed as requiring the heirs
to be determined at the date of the termination of the
subsequent life estate, because it was found that otherwise
an intention which the testator had clearly manifested would
be frustrated. In that case a remainder was limited to the
heirs of the testatrix upon the death of her last surviving
daughter, and it was decided that the time of ascertainment
of the heirs to take was the death of the testatrix and not
the death of the last survivor of her daughters. The court
quoted from *Whall* v. *Converse,* 146 Mass. 345, the general
rule that in case of an absolute limitation to the testator's
heirs-at-law, persons to take are those who answer the de-
scription at the time of the testator's death; that the rea-

sons for the rule are that the words cannot be used properly to .designate anybody else; that such a mode of ascertaining the beneficiary implies that the testator has exhausted his specific wishes by the previous limitations and is content thereafter to let the law take its course.

It is clear that the statement made in *Johnson* v. *Askey, supra,* in connection with the cases cited and the provisions of the will under consideration, cannot be taken as a substantive and positive rule of law controlling and overcoming the intention of the testator upon a consideration of the whole will and all its provisions, but the fact that the life tenant is the sole heir is to be considered in determining the nature of the remainder and the time when the heirs-at-law are to be ascertained.

The language of the will of Mary Marshall in devising the remainder was, that if the life tenant should die without leaving issue surviving him, "then it is my will that such real estate revert and go to my heirs as if no will had been made." The use of the word "then" does not indicate the time for ascertaining who would be her heirs-at-law. In *People* v. *Camp, supra,* the word "then" was used in providing for the distribution of the property according to law, and the court said that the word has been held in certain cases to be an adverb of time as used in connection with the devise of property; but this is not the general rule, which is that it does not point to the time when the right of the beneficiary to take begins but refers to the event upon the happening of which the legal heirs take the property. That was also the holding in *Fitzpatrick's Estate,* 233 Pa. 33. In *Boston Safe Deposit and Trust Co.* v. *Parker,* 197 Mass. 70, where the same word was used, the court held that it was not used as an adverb of time but meant the specified event.

The provision of the will of Mary Marshall was, that .upon the death of her son, Horace S. Marshall, without leaving issue surviving him, the real estate was to go to

her heirs as if no will had been made. By the will she clearly manifested an intention to give her son a life estate and to secure and preserve to his issue surviving him a remainder in fee, and on failure of that limitation she had no intention or wish to change the disposition which the law would have made in regard to her estate, and she was to be considered as making no provision different from the laws of descent and leaving the property to be disposed of by such law as if she had made no will. She expressed in her will all that she desired in the way of limitation of the estate to her son for life and the fee to his issue if he should have any, and if the fee did not go to his issue her will was that the real estate should go to her heirs in the same manner as intestate estate. There is no positive or substantive rule of law, based on the fact that Horace S. Marshall was the sole heir of the testatrix, which interferes in any manner with the disposition of the real estate according to the intention expressed by the testatrix, and the persons who are her heirs-at-law and would have taken the estate if no will had been made were ascertained at her death.

Horace S. Marshall, the sole heir-at-law of the testatrix, would have taken the estate if no will had been made, and the limitation to his issue having failed by his death without surviving issue, his widow, Sara E. Marshall, took one-half in fee and the other one-half descended to his aunts and uncles living at the death of the testatrix and the heirs and devisees of those who have died since, if any, subject to dower and homestead rights of Sara E. Marshall. *Lockwood* v. *Moffett,* 177 Ill. 49.

The decree is reversed and the cause remanded, with directions to enter a decree in accordance with this opinion and for partition accordingly.

*Reversed and remanded, with directions.*