DARNELL v. SMITH.

1. WILLS—CONSTRUCTION—LIFE ESTATE DEVISED.
   A husband's will devising to his wife certain real estate, "together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining, to have and to hold * * * during her natural life, with remainder over" to his children, devised a life estate only.

2. SAME—INTENT OF TESTATOR CONTROLLING.
   In construing wills, the expressed or implied intention of the testator, where ascertainable, is controlling.

3. SAME—NOT A CONVEYANCE.
   Under 3 Comp. Laws 1915, § 11726, a will is not a conveyance.

---

[1]Wills, 40 Cyc. pp. 1615, 1619; [2]Id., 40 Cyc. p. 1386; [3]Id., 40 Cyc. p. 995.

4. SAME—TECHNICAL RULES APPLICABLE TO DEEDS NOT APPLICABLE
TO WILLS.

The technical rules of construction applicable to deeds of
conveyance, which are customarily couched in seasoned
forms, are not imperatively applicable to wills in all par-
ticulars; the two instruments being distinguishable in
various ways.

5. DEEDS—CONSTRUCTION—PURPOSE OF HABENDUM CLAUSE.

The purpose of the *habendum* clause in a deed is to limit
and define the estate which the grantee is to have in the
property conveyed.

6. WILLS — CONSTRUCTION — WHERE INTENT CLEAR TECHNICAL
RULES NOT APPLICABLE.

Where, on the face of the language of a will, considered
in its entirety, it is clear that testator intended to de-
vise to his wife a life estate only, the court will not apply
technical rules of construction which might have been
applicable had any uncertainty existed.

Appeal from Eaton; McPeek (Russell R.), J. Sub-
mitted February 21, 1927. (Docket No. 176.) De-
cided April 1, 1927.

Bill by Henry B. Darnell, administrator of the es-
tate of Ann Strimback, deceased, against George Smith,
administrator with will annexed of the estate of Al-
chana Strimback, deceased, and others for a construc-
tion of said will. From a decree for defendants,
plaintiff appeals. Affirmed.

*Watt & Colwell,* for plaintiff.

*Calvin L. Bancroft,* for defendants.

STEERE, J. Plaintiff appeals from a decree of the
circuit court of Eaton county construing the will of
Alchana Strimback. The material facts are undis-
puted. Alchana and Ann Strimback, both deceased,
were husband and wife. They were married on Oc-

⁴Wills, 40 Cyc. p. 1394 (Anno); ⁵Deeds, 18 C. J. § 72; ⁶Wills,
40 Cyc. p. 1394; 28 R. C. L. 214; 3 R. C. L. Supp. 1563; 5 R. C.
L. Supp. 1521; 6 R. C. L. Supp. 1711.

tober 7, 1909. They resided in the village of Arwid, commonly called Woodbury, in Eaton county, and prior to the death of Alchana had for 10 years lived together in their home upon Maple street in said village, the title to which was in his name and is the subject of this suit. It was inventoried in the probate court at $1,000. Both had been previously married and each had children by a former spouse. Their deaths were less than a month apart. Alchana died on July 4, 1925, leaving a last will and testament dated October 21, 1918. Said will was duly probated in the probate court of Eaton county on August 3, 1925, defendant George Smith being appointed administrator with will annexed. The other defendants are children of Alchana by a former wife. Ann Strimback, widow of Alchana, died intestate on July 31, 1925, and on September 3, 1925, plaintiff was duly appointed administrator of her estate.

Aside from formal parts, Alchana's will directs payment of his debts, leaves all of his personalty to his wife, but out of it requires there shall first be paid a $500 balance of a note secured by mortgage on the property in question here, appoints her executrix, and disposes of their home upon Maple street as follows:

"Article Third. I hereby give and devise to my wife, Ann Strimback, all those certain pieces or parcels of land situate and being in the village of Arwid (describing the same at length), together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining: To have and to hold the premises above described to the said Ann Strimback, during her natural life with remainder over to my seven children: (naming them), to be divided equally between them, share and share alike, and to their heirs and assigns forever."

The only question in controversy here is the construction of said paragraph. For plaintiff it is claimed that by it a title in fee simple was devised to testator's wife,

Ann, who survived him, and on her death the title passed to her heirs.    While it is contended for defendants that the provision clearly shows testator intended to and by proper construction of the language used did create a life estate only in his wife, leaving the fee title to his children subject to her life estate.    The trial court sustained defendants' contention.

By that paragraph, taken as a whole and abbreviated to essentials of purpose, testator gave and devised their described homestead with all its hereditaments and appurtenances to his wife, Ann, to have and to hold "during her natural life with remainder over to (his named children), to be divided equally between them, share and share alike, and to their heirs and assigns forever."    By common understanding of the English language, even to the wayfaring man who read as he ran, unimpeded by technicalities, that paragraph clearly and grammatically conveys the thought that testator intended to and did leave to his wife the undisturbed possession, use and enjoyment of that property during her natural life, and to his named children, their heirs and assigns forever, absolute ownership of the same subject to her life estate (40 Cyc. p. 1677).

As we understand plaintiff's theory, it is, in substance, that the granting, or donating, clause of the paragraph must be construed as bequeathing to testator's wife an absolute title in fee which cannot be negatived or reduced to a life estate by a subsequent repugnant *habendum* clause.    Upon that proposition plaintiff's counsel suggest that it is impossible to reconcile the decisions of this court, and cite from what is termed two classes of our decisions; one as holding that the legal effect of the wording of a will controls irrespective of the intent of the testator, while the other class makes paramount over legal rules when construing a will the intent of the testator as found expressed in the instrument.    Conceding that in the endless variety of wills dealt with cases may be found

indicating a varying tendency one way or the other along those lines of construction, this court has long been committed to the repeatedly emphasized cardinal rule for construing wills that the expressed or implied intention of the testator where ascertainable is the guiding star.

The generally accepted rule is thus concisely expressed in *Himmel* v. *Himmel*, 294 Ill. 557 (128 N. E. 641, 13 A. L. R. 608) :

"All rules of construction yield to the intention of the testator as expressed in his will, and when such intention is ascertained it will prevail over any such rule unless prohibited by law."

A will is not a conveyance. 3 Comp. Laws 1915, § 11726. The technical rules of construction applicable to deeds of conveyance which are customarily couched in seasoned forms are not imperatively applicable to wills in all particulars. A deed is distinguishable from a testamentary instrument in various ways. The latter passes no present interest, right or title, is ambulatory and revocable during the life of the testator, its consummation is dependent upon his death. It speaks as from that time only. By that event his title must pass to another, will or no will.

Article third of this will is a single paragraph with the technically termed premises, or granting clause, and *habendum* clause parts of a single sentence. Numerous definitions of *habendum* are to be found, apparently more or less varied according to its application. Even when construing a deed it has been said that the *habendum* is that part which declares and limits the use of the thing conveyed. Its purpose is to limit and define the estate which the grantee is to have in the property. *Hart* v. *Gardner*, 74 Miss. 153 (20 South. 877). On the proposition that a granted fee cannot be cut down to a life estate by a

*habendum* clause, counsel cite the following from 17 R. C. L. p. 623:

"Unquestionably, a devise of a fee may be restricted by subsequent words in the will and reduced to a life estate, but if an estate in fee is devised in one clause of a will in clear and decisive terms, it cannot be cut down or taken away by raising a mere doubt in some subsequent clause or by some other inference therefrom; to give such effect, the words of the subsequent clause must be as clear and decisive as are the words of the clause giving the estate in fee."

As applied to the instant case it can well be said that the subsequent clause is more clear and decisive than the clause claimed to give an estate in fee. In the same paragraph partly quoted by counsel it is also said:

"The authorities recognize a more significant purpose in an implication which tends to cut down a larger estate to a life estate where the remainder thereby passes to a person who is in the line of descent than if it would pass to a stranger, because of the stronger motive which the testator would have to prefer the former to the latter class.   *   *   *   Obviously, a limitation over upon the death of the first taker is an indication of the intention of the testator that the first taker should have a life estate only."

On the face of the language of this will, considered in its entirety, we find it unnecessary to review at length the numerous cases cited by counsel with their varying provisions, and conclude that the questions of construction raised by plaintiff are well disposed of by the general principles set out in the following excerpt from 28 R. C. L. p. 219:

"Ordinarily, however, the technical signification of words and technical rules must yield to the obvious intent of the testator as gathered from all parts of the instrument.   Rules of construction have their legitimate function when they are needed to understand the purpose intended to be embodied in the language

used in the will.    They take hold only where uncertainty commences and let go where it ends, and cannot control or vary the intent or properly prevent its execution."

The decree is affirmed, with costs to defendants.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.